UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE S. KIM,<br><br>                                    Plaintiff,<br><br>            -against-<br><br>HARLEYSVILLE INSURANCE COMPANY OF NEW YORK a/k/a NATIONWIDE INSURANCE and NATIONWIDE INSURANCE, | **Docket No.:**<br><br><u>**COMPLAINT**</u><br><br><br><u>**JURY TRIAL DEMANDED**</u> |

**PLAINTIFF,** STEVE S. KIM, by and through the undersigned attorneys, NAPOLI SHKOLNIK, PLLC, complaining of the defendants, HARLEYSVILLE INSURANCE COMPANY OF NEW YORK a/k/a NATIONWIDE INSURANCE and NATIONWIDE INSURANCE, upon information and belief alleges the following:

<u>**JURISDICTION AND VENUE**</u>

1. That at all times herein mentioned, Plaintiff STEVE S. KIM ("hereinafter referred to as KIM") was, and still is a resident of the State of New Jersey, County of Bergen.

2. That at all times hereinafter mentioned the defendant HARLEYSVILLE INSURANCE COMPANY OF NEW YORK a/k/a MATOPNWIDE INSURANCE (hereinafter referred to as "HARLEYSVILLE") were and are the automobile insurance carriers, authorized to transact business in New York and with principal place of business in Columbus, Ohio.

4. That at all times hereinafter mentioned the defendant NATIONAWIDE INSURANCE, (hereinafter referred to as "NATIONWIDE") was and is an automobile insurance carrier, organized, and existing under and by virtue of the Laws of the State of New York.

5. That this action commenced within the time allowed by law.



6. That Jurisdiction with this Honorable Court is proper as it provides the remedy with respect to Plaintiff's claims against DEFENDANTS.

7. That the cause of action arose in the State of New York, County of Queens.

8. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

9. That this court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2).

10. That venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants, HARLEYSVILLE and NATIONWIDE, his automobile insurance carriers, after KIM was struck by a motor vehicle while he was a driver with no fault attributable to him. KIM purchased a Supplemental Uninsured/ Underinsured Motorist policy with Defendants to financially protect himself he be injured by a motorist without sufficient insurance to cover his medical costs and pain and suffering. On April 7, 2018, KIM was struck by another vehicle.

2. Despite meeting all of the conditions precedent required by his insurance policy, Defendants have refused to make a reasonable offer to provide for Plaintiff's medical needs and his pain and suffering.

## THE PARTIES

3. That at all times hereinafter mentioned, KIM, was and still is a resident of the State of new Jersey, County of Bergen.

4. Upon information and belief HARLEYSVILLE and NATIONWIDE are for-profit foreign companies, authorized to transact business in New York and with principal place of business in Columbus, Ohio.



5. That at all times mentioned herein, the Defendants, HARLEYSVILLE and NATIONWIDE INSURANCE issued insurance policy number BA000000519552 to Plaintiff KIM and said policy was valid and in effect.

## JURISDICTION

6. That this Court has jurisdiction over plaintiff KIM, as they bring their case in this forum and they are therefore subject to this Court's jurisdiction.

7. This Court has jurisdiction over the subject matter as the injuries sustained by KIM occurred in the forum.

8. This Court has General Jurisdiction over Defendants HARLEYSVILLE and NATIONWIDE under CPLR §301 as it is present in the forum through a continuous and systematic course of doing business in the forum. Defendants writes numerous lines of insurance in the forum and is authorized to do so under NYS Insurance Law §1113(a).

9. This Court has Specific Jurisdiction over Defendants HARLEYSVILLE and NATIONWIDE under CPLR §302 as it is present in the forum through doing business in the forum, can expect or reasonably expect that its insureds, such as Plaintiff, to be present in and potentially seek coverage and benefits under insurance policies written by Defendants across the United States, including but not limited to New York.

10. Venue is appropriate in this Court as the amount in controversy exceeds $75,000, excluding attorney's fees, costs, and interest.

11. Venue is appropriate in this forum as Defendants are the corporation that regularly transact business, keeps an office and/or has an agency in the forum. *See* New York City Civil Court Act § 305. *See also, Mingmen Acupuncture Services, P.C. v Am. Tr. Ins. Co.*, 183 Misc 2d 270 [Civ Ct 1999].



## **BACKGROUND**

12. On or about the April 7, 2018, and at all the times hereinafter mentioned, plaintiff, KIM, lawfully operated 2016 Ford bearing New York license plate number HRB3584, owned by Creative Christian Minds, LLC.

13. That on, and prior to April 7, 2018, and at all the times herein mentioned, Jian Jie Yang ("YANG") was the registered owner and operator of a 2015 Toyota bearing New York license plate number HCS6326.

14. On April 7, 2018, KIM was struck by the vehicle owned and operated by YANG.at 45th Avenue at or near the intersection of Kissena Blvd., Flushing, New York, ("the Place of Occurrence").

15. On, and prior to April 7, 2018, and at all the times herein mentioned, the Place of Occurrence was and still is a public roadway and/or throughfare in Queens, State of New York.

16. That on April 7, 2018, YANG violated New York State Vehicle and Traffic Law §1111.

17. As result of the aforesaid contact, KIM, was seriously injured.

18. As a result of the aforesaid contact which occurred on April 7, 2018, KIM sustained "serious" injuries as such term is defined by §5102 of the Insurance Law of the State of New York and being a covered person claiming against his insurance carrier is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability. Moreover, the Plaintiff is entitled to recover for such economic losses that exceed the basic economic loss.

19. As a result of the aforesaid contact, KIM , sustained severe, serious and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to his nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be



so confined; was incapacitated from attending his usual duties and vocation and may be, in the future, so incapacitated; will suffer loss and/or limitation of the quality and enjoyment of life.

20. The above stated occurrence and the results thereof were in no way due to any negligence on the part of KIM contributing thereto.

21. KIM is informed and verily believes the personal injuries he sustained are permanent and he will permanently suffer from the effects of same.

22. That by reason of the foregoing, KIM was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care, and upon information and belief, the Plaintiff will necessarily incur further similar expenses.

23. That by reason of the foregoing, KIM has been unable to attend to his usual occupation and/or avocation in the manner required.

24. KIM sustained "serious" injuries as such term is defined by §5102 of the Insurance Law of the State of New York.

25. As a result of the aforementioned accident KIM sustained serious personal injuries including but not limited to multiple disc herniations, compression fractures involving L2, L3, L4, and L5 required surgery and epidural; right shoulder tear required surgery; right shoulder fracture required surgery; tear of the right lateral meniscus.

26. At all relevant times KIM was insured through Defendants HARLEYSVILLE and NATIONWIDE with a liability insurance policy underinsured motorist policy number BA000000519552.

27. The above referenced insurance policy was in full force and effect on the date of the accident set forth above.



## FIRST CAUSE OF ACTION CLAIM ON BEHALF OF PLAINTIFF FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AND BREACH OF CONTRACT

28. Plaintiff incorporates, repeats, reiterates and re-alleges each and every allegation in all other sections of this Complaint with the same force and effect as if fully set forth herein.

29. Pursuant to Insurance Law § 3420(f)(2), an insured's SUM coverage is triggered when the limit of the insured's bodily injury liability coverage is greater than the same coverage in the tortfeasor's policy. *See Farm Family Cas. Ins. Co. v Gonzalez*, 171 AD3d 1053, 1054 [2d Dept 2019].

30. KIM was insured by Defendants HARLEYSVILLE and NATIONWIDE under Policy No. BA000000519552.

31. There are no issues of liability as to the tortfeasors as KIM's vehicle was struck by tortfeasors.

32. That Defendants, HARLEYSVILLE and NATIONWIDE received the written notice regarding the tortfeasors. Exhibit A, correspondence from HARLEYSVILLE and NATIONWIDE dated February 4, 2020, giving permission to settle the bodily injury claim with the adverse tort carrier.

33. The tender of the third-party tortfeasors was thus made and accepted.

34. The limit of tortfeasors' policy was exhausted by this payment.

35. All conditions were thus met for Plaintiff to obligate Defendants pursuant to uninsured underinsured coverage per Insurance Law §3420[f][2][A].

36. These limits exceed the limits of the tortfeasors' policy and Plaintiff is entitled to seek benefits pursuant to the policy issued by Defendants. *See, for example, Farm Family Cas. Ins. Co. v Gonzalez*, 171 AD3d 1053, 1054 [2d Dept 2019].



## **AS AND FOR A SECOND CAUSE OF ACTION (BREACH OF CONTRACT)**

37. Plaintiff re-alleges and incorporates by reference all previous allegations as if fully set forth herein.

38. HARLEYSVILLE and NATIONWIDE agreed to pay for direct physical loss or damage caused by a covered peril to buildings or structures including, but not limited to, direct physical loss or damage caused by sewer backup, as defined in the Policy.

40. Plaintiff has satisfied all conditions precedent under the Policy.

41. To date, HARLEYSVILLE and NATIONWIDE have failed, refused and/or neglected to provide coverage for the Claim.

42. Such failure, refusal and/or neglect by HARLEYSVILLE and NATIONWIDE constitutes a breach of the Policy.

43. As a consequence of Defendants', HARLEYSVILLE and NATIONWIDE, breach, Plaintiff has been, and continue to be, damaged.

## **AS AND FOR A THIRD CAUSE OF ACTION
(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)**

44. Plaintiff re-alleges and incorporates by reference all previous allegations as if fully set forth herein.

45. In gross disregard of Plaintiff's interest, HARLEYSVILLE and NATIONWIDE unilaterally breached the covenant of good faith and fair dealing implied in the Policy by deliberately, negligently, and wrongfully:

(a) Mishandling the Claim;



(b) Delaying payment of the Claim, despite promising to expedite adjustment of the Claim;

46. As a result of HARLEYSVILLE and NATIONWIDE breaches of their obligations under the Policy, Plaintiff has suffered direct and consequential damages.

**AS AND FOR A FOURTH CAUSE OF ACTION (NEW YORK STATE GENERAL BUSINESS LAW §349)**

47. Plaintiff re-alleges and incorporates by reference all previous allegations as if fully set forth herein.

48. HARLEYSVILLE and NATIONWIDE INSURANCE are prohibited from engaging in deceptive acts and practices pursuant to Section 349 of the General Business Law of the State of New York.

49. HARLEYSVILLE's and NATIONWIDE's products and/or services are consumer-oriented pursuant to Section 349 in that they are standard and regularly used by HARLEYSVILLE and NATIONWIDE in the inducement of consumers like Plaintiff who is in search of insurance protection for his businesses and/or construction projects.

50. HARLEYSVILLE and NATIONWIDE have, in contravention of Section 349, engaged in materially deceptive acts and practices in the conduct of its business by failing to have reasonable standards to effectuate a prompt, fair and equitable settlement of policyholder's claims as demonstrated by its failure to promptly, fairly and equitably settle Plaintiffs' Claim.

51. KIM has suffered actual damage as a direct result of the practices and acts of HARLEYSVILLE and NATIONWIDE described herein.



## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF BREACH OF IMPLIED CONTRACT

52. Plaintiff incorporates, repeats, reiterates and re-alleges each and every allegation in all other sections of this Complaint with the same force and effect as if fully set forth herein.

53. As a result of said breach, the Plaintiff has sustained damages and the loss which excess insurance policy coverage, including the legal defense of the excess issues.

54. The damages for said breach of contract are ongoing and have not been capped.

**WHEREFORE**, Plaintiff KIM demands judgment against the Defendants HARLEYSVILLE INSURANCE COMPANY OF NEW YORK a/k/a NATIONWIDE INSURANCE and NATIONWIDE INSURANCE in a sum that exceeds the jurisdiction of all other courts lower than the Supreme Court of the State of New York for compensatory and punitive damages together with attorney's fees, and the costs and disbursements and interests of this action.

Dated: New York, New York
       February 9, 2024

Yours, etc.,

**NAPOLI SHKOLNIK, PLLC**

By:   Joseph P. Napoli, Esq.
      Attorneys for Plaintiffs
      360 Lexington Avenue – 11th Floor
      New York, New York 10017-6502
      (212) 397-1000

To:

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK
a/k/a NATIONWIDE INSURANCE
P.O. Box 182068
Columbus, OH 43218


NATIONWIDE INSURANCE
P.O. Box 182068
Columbus, OH 43218



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE S. KIM,<br><br>         Plaintiff,<br><br>-against-<br><br>HARLEYSVILLE INSURANCE COMPANY<br>OF NEW YORK a/k/a NATIONWIDE | Docket No.: 726506/2022<br><br>**VERIFICATION** |

  **JOSEPH P. NAPOLI, ESQ.,** an attorney admitted to practice in the Courts of New York State, states:

  1. Affirmant is a senior partner of the law firm of NAPOLI SHKOLNIK, PLLC, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

  2. This verification is made by affirmant and not by plaintiff, for the reason that Plaintiffs' residence is not in the county where affirmant maintains her office.

  3. The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
   February 9, 2023

                                 By: Joseph P. Napoli, Esq.

